312 So.2d 347 (1975)
Daniel F. LOESCHER, Sr.
v.
George PARR, and State Farm Fire & Casualty Co.
No. 10161.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearing Denied May 20, 1975.
Writ Granted June 20, 1975.
*348 Rudolph R. Schoemann, New Orleans, for appellant.
Dale E. Branch, Bogalusa, for appellees.
Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Daniel F. Loescher, Sr., appeals from an adverse judgment of the Twenty-Second Judicial District Court denying his claim for damages against defendant-appellees, George Parr and State Farm Fire & Casualty Company. We affirm.
The facts of this case are virtually undisputed. At approximately 3:30 A.M. on the morning of January 25, 1972, a large magnolia tree located on defendant's property at 512 Messina Street in Mandeville, Louisiana fell onto plaintiff's 1969 Cadillac which was parked on adjacent property, in the parking lot of the apartment building in which he lived.
In the trial court the plaintiff sought recovery on the theory of negligence, contending that the defendant had been advised of the unsoundness of the tree a short time prior to the incident by a tree surgeon, Mr. Earl Hano. Plaintiff reasoned that after the defendant was made aware of the defective condition of the tree and made no attempt to remedy same, he was liable for the subsequent damage. He also argued that, independently of notification of the tree surgeon, the defendant knew, or should have known, of the defective condition.
Defendants, on the other hand, asserted that the tree which was located approximately six feet from his home was large and substantial, the leaves were green and from all outward indications the tree was healthy, vigorous and deep rooted.
Defendants denied being put on notice as plaintiff contended and alleged that the true cause for the tree's falling was an Act of God in the form of a very strong wind which accompanied the passing of a cold front through the area.
The trial judge found that the plaintiff failed to prove negligence on the part of the defendant and therefore denied recovery for damages to the automobile.
Mr. Earl Hano, plaintiff's witness and a tree surgeon, testified that prior to the incident he was cutting trees on the Zolinger property located on the same street as the defendant's property and noticed a large magnolia tree on the defendant's property with dead limbs and a hole through it. He testified that he informed a lady who appeared under the carport of the defendant's home that the defective tree should be removed and at that time made a price to her for such removal. He did not obtain the lady's name with whom he spoke and at the trial he could not identify Mrs. Parr, the defendant's wife and the lady with whom he alleged he spoke.
Mrs. Parr, on the other hand, could not recall the conversation with Mr. Hano, and both she and Mr. Parr denied having any prior indication that the subject tree was unhealthy. Mrs. McDougall, the defendant's next door neighbor, confirmed that the tree appeared to be healthy. Mr. Ferrer, principal of a grammar school located across the street from the Parrs, also testified the tree appeared to be healthy, and, because of its location across from the school, he had observed it on many prior occasions. He was amazed to find the tree had fallen.
The trial judge found Mr. Hano was confused regarding which tree he had observed. He described the tree as "a large magnolia tree with dead limbs hanging on it and in fact it had a hole through it where you could see through it." (Tr. P. 22) The trial judge found that this did not match the description of the fallen tree as it did not have a hole through it. In addition, Mr. McDougall's and Mr. Ferrer's testimony indicated the tree was in good condition, and neither witness mentioned that it had dead, hanging limbs. In *349 view of the fact that a tree fitting Mr. Hano's description was located along the property line on the adjacent McDougall property, the trial judge concluded that the evidence preponderated that the tree observed by Mr. Hano belonged to the McDougall's and that it was Mrs. McDougall, and not Mrs. Parr, with whom he spoke concerning its dangerous condition. He therefore held the defendant was not put on notice by Mr. Hano concerning the condition of the tree.
The record corroborates the defendant's contention that he was unaware of the unhealthy state of the tree, in fact, two years prior to the incident the Parrs removed two trees from their yard, but the subject tree was thought to be sound and therefore was allowed to remain standing.
After a review of the record, this Court is convinced that the defendant had no prior knowledge of the defective condition of the tree. We reach this conclusion by noting that the plaintiff failed to prove the defendants were put on notice by Mr. Hano and also failed to prove that, independently of such notice, the defendant knew or should have known of the defective condition. We therefore agree with the trial judge's conclusion that the plaintiff cannot recover from the defendant on the theory of negligence.
Plaintiff contends that the defendants are liable under the doctrine of "SIC UTERE TUO UT ALIENUM NON LAEDAS", that is, "use your own property in such a manner as not to injure that of another" and makes the novel argument that even though the defendant may be found to be free of negligence, he is, nevertheless, liable under Title 4, Chapter 3 of the Civil Code of Louisiana: OF SERVITUDES IMPOSED BY LAW. LSA-C.C. Article 670 [1] therein requires the owner of a building to keep it in repair so that no harm results to his neighbor as a result of the condition of his building. Plaintiff cites LSA-C.C. Article 462 [2] and 465 [3] for the proposition that a free is an immovable by nature, and contends that Article 670 should apply to trees by analogy. In effect, he would have this Court substitute the word "trees" for the word "building" in Article 670, and hold the defendant liable for damages without showing of negligence on his part. He understandably is unable to cite any authority substantiating this contention.
The history of the jurisprudence relating to the application of the "Sic Utere" doctrine is discussed in Reymond v. State, Department of Highway, 255 La. 425, 231 So.2d 375 (1970) and later in Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971). Reymond limited the application of the "Sic Utere" doctrine to cover situations where damage was occasioned by structural changes in or on the land. Chaney criticized Reymond stating that the doctrine covered any activity on the land which was harmful. By either view, the maintenance of a tree on one's property under the facts here could not be classified as either a construction or an activity so as to invoke the application of the doctrine.
*350 The plaintiff has failed to prove the subject tree fell as a result of the defendant's negligence. Plaintiff has likewise failed to convince this Court that the tree in the instant case is analogous to "buildings" in Article 670 and therefore cannot recover on the theory of legal servitude; nor has he presented this Court with any other theory by which he should be granted recovery for damages to his 1969 Cadillac automobile resulting when the adjacent landowner's large magnolia tree was felled by a wind of unknown velocity. Since plaintiff has not shown a valid theory by which he may recover, we need not decide the validity of defendant's condition that he is not liable in view of the fact that the accident was caused by an Act of God.
For the foregoing reasons, the decision of the trial court is affirmed at the cost of plaintiff-appellant.
Affirmed.
NOTES
[1] LSA-C.C. Article 670 provides in part:

"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
[2] LSA-C.C. Article 462 provides:

"Immovable things are, in general, such as can not either move themselves or be removed from one place to another.
But this definition, strictly speaking, is applicable only to such things as are immovable by their own nature, and not to such as are so only by the disposition of the law."
[3] LSA-C.C. Article 465 provides:

"Standing crops and the fruits of trees not gathered, and trees before they are cut down, are likewise immovable, and are considered as part of the land to which they are attached...."